**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

RECEIVED

MAR 1 6 2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Aholusi Pillow,
Plaintiff,
v.
State Farm Mutual Automobile Insurance Company,
Defendant.

Civil Action No. _____
JURY TRIAL DEMANDED

## COMPLAINT
Plaintiff, Aholusi Pillow, proceeding pro se, brings this Complaint against Defendant and states as follows:

## I. INTRODUCTION
This is an action for damages and other relief arising from unlawful employment discrimination, harassment based on sex (male), retaliation, hostile work environment, and wrongful termination in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff was subjected to harassment, discriminatory treatment, and denial of employment opportunities because he is a member of a protected class, creating a hostile work environment.

After reporting harassment and discrimination to management and Human Resources, Plaintiff experienced retaliation, culminating in wrongful termination.
Harassment, retaliatory conduct, and adverse actions continued even after termination.

## II. JURISDICTION AND VENUE
This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.).
Venue is proper in this District under 28 U.S.C. § 1391(b) because the unlawful employment practices occurred in the Middle District of Tennessee, and Defendant conducts business within this District.
III. PARTIES
Plaintiff, Aholusi Pillow, is a resident of 818 East End Street, Columbia, Tennessee 38401. Defendant, State Farm Mutual Automobile Insurance Company, is a company doing business in Tennessee and is an employer subject to Title VII.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES
Plaintiff filed a Charge of Discrimination with the EEOC.

The matter was initially processed by the EEOC and transferred to the Tennessee Human Rights Commission (THRC).

Before resolution, the THRC was decommissioned, and Plaintiff's case was returned to the EEOC. Plaintiff is unclear whether all materials were fully transferred, but all qualifying standards were met.

Plaintiff has exhausted all administrative remedies and received a Notice of Right to Sue from the EEOC. (Attached as Exhibit A.)

## V. FACTUAL ALLEGATIONS

A. Employment and Training

Plaintiff was employed by Defendant and successfully met performance benchmarks to be placed on his assigned team.

Due to management limitations, Plaintiff was reassigned back to training, even though his performance met required standards.

B. Harassment and Disparate Treatment

During training, Plaintiff was harassed and discriminated against because he is male, primarily by Dina Moua.

Harassment included:

Mocking and sabotaging Plaintiff's work

Applying excessive scrutiny compared to female employees

Publicly humiliating Plaintiff

The harassment was sufficiently serious that Dina Moua apologized in front of two supervisors and a supervisor in training.

Despite this acknowledgment, harassment and disparate treatment continued.

C. Reporting to Human Resources

Plaintiff repeatedly reported harassment and discrimination to Human Resources.

Plaintiff requested a transfer to Tier 1 to escape the hostile environment. The request was denied.

In contrast, a female colleague who failed to meet performance standards was allowed to move to Tier 1, demonstrating disparate treatment based on sex.

D. Retaliation and Termination

Following Plaintiff's complaints, Defendant:

Heightened scrutiny of Plaintiff

Denied opportunities available to similarly situated female employees

Ultimately terminated Plaintiff

Defendant cited an alleged unreported absence and alleged misconduct as grounds, despite Plaintiff providing a doctor's note and contacting Sedgwick for temporary FMLA leave.

During the time-off bidding process, Plaintiff's computer was down due to an update requested to the system under Defendant's direction. When Plaintiff questioned Dina Moua, she responded that he would have to take it up with his supervisor, stating he would be officially returning to his team. After being placed back into training—not due to discrepancies on Plaintiff's part, but because the supervisor could not handle additional

team members—Dina Moua avoided Plaintiff until the end of the day, only to call and ask if he would show up the next day, despite knowing Plaintiff had requested time off.

Furthermore, upon Plaintiff's return, Dina Moua called again to question whether Plaintiff was telling the truth about why he had taken the time off.

Defendant later shifted the justification to performance concerns, ignoring Plaintiff's completed benchmarks.

Cami Hubert was present during the termination call and informed Plaintiff of the right to contact corporate regarding the situation.

Termination occurred shortly after reporting discrimination, establishing a causal link between protected activity and adverse employment actions.

E. Post-Termination Conduct

After termination, Defendant attempted to interfere with Plaintiff's receipt of unemployment benefits.

After termination, Dina Moua attempted to reach out to Plaintiff via Facebook, demonstrating continued harassment and retaliatory conduct.

Plaintiff has contacted the local sheriff regarding aspects of this matter.

## VI. CLAIMS FOR RELIEF

COUNT I – SEX DISCRIMINATION / HOSTILE WORK ENVIRONMENT (Title VII)

Plaintiff incorporates all preceding paragraphs.

Plaintiff is a member of a protected class under Title VII.

Defendant subjected Plaintiff to harassment, disparate treatment, and denial of Tier 1 transfer because of his sex.

Conduct was severe or pervasive and created a hostile work environment, interfering with Plaintiff's job performance.

Defendant is liable for the discriminatory acts of its supervisory employees.

COUNT II – RETALIATION (Title VII)

Plaintiff incorporates all preceding paragraphs.

Plaintiff engaged in protected activity by reporting harassment and discrimination to management and HR.

Defendant subjected Plaintiff to adverse employment actions, including denial of Tier 1 transfer, heightened scrutiny, and termination, because of his protected activity.

These actions were causally related to Plaintiff's complaints.

COUNT III – WRONGFUL TERMINATION (Title VII)

Plaintiff incorporates all preceding paragraphs.

Plaintiff's termination was motivated by discriminatory and retaliatory intent.

Stated reasons for termination were false and pretextual, directly causing Plaintiff to lose wages, benefits, and employment opportunities.

## VII. DAMAGES

As a direct result of Defendant's conduct, Plaintiff has suffered:

Lost wages and benefits

Emotional distress, including anxiety and stress
Financial losses related to a planned move from Tennessee to Georgia
Damage to credit and professional reputation
Other compensatory damages
Defendant's actions were willful and malicious, entitling Plaintiff to punitive damages.

## VIII. JURY DEMAND
Plaintiff hereby demands a trial by jury on all issues so triable.
IX. PRAYER FOR RELIEF
WHEREFORE, Plaintiff respectfully requests that the Court:
a. Enter judgment in Plaintiff's favor;
b. Award compensatory damages;
c. Award punitive damages;
d. Award back pay and front pay;
e. Award costs and allowable attorney's fees;
f. Grant such other relief as the Court deems just and proper.


Respectfully submitted,
Aholusi Pillow
818 East End Street
Columbia, Tennessee 38401
Phone: 931-334-2346
Email: tysonpillow@hotmail.com
Pro Se Plaintiff

## Exhibits:
*Exhibit A*: EEOC Notice of Right to Sue
*Exhibit B*: Screenshots of harassment/discrimination
*Exhibit C*: Doctor's note and FMLA correspondence
*Exhibit D*: Continued harassment screen shot of friend request via Facebook after termination

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED



UNITED ST
POSTAL SE

- Expected delivery date specifie
- Domestic shipments include $1
- USPS Tracking® service include
- Limited international insurance
- When used internationally, a cu

*Insurance does not cover certain items.
Domestic Mail Manual at *http //pe usps c*
** See International Mail Manual at *http /*

## FLAT RATE EN

ONE RATE ■ ANY WEIGHT

## TRACKED ■ INS



PS00001000014


UNITED STATES
POSTAL SERVICE.                     *Retail*

P  | US POSTAGE PAID
   | **$16.90**  | Origin 38401
   |             | 03/13/26
   |             | 4718600401-31

### PRIORITY MAIL®

0 Lb 3.80 Oz

**RDC 03**

EXPECTED DELIVERY DAY.  03/16/26

C019

SHIP
TO:
   719 CHURCH ST
                       NASHVILLE TN 37203-7094

**USPS SIGNATURE® TRACKING #**

9510 8158 0498 6072 2562 13

---

FROM·


PRIORITY
★ MAIL ★

UNITED STATES
POSTAL SERVICE.
VISIT US AT USPS COM*
ORDER FREE SUPPLIES ONLINE

FROM:
Aholusi Pillow
818 east end
Columbia, TN 38401

**RECEIVED**

MAR 16 2026

U S DISTRICT COURT
MIDDLE DISTRICT OF TN

TO:
Middle Tennesse District court
Clerks Office
719 Church Street
Nashville, TN 37203

Label 228, March 2016        FOR DOMESTIC AND INTERNATIONAL USE

This packaging is the property of the U S Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments Misuses may be a violation of federal law This package is not for resale EP14F © U S Postal Service October 2023, All rights reserved



# UNITED STATES POSTAL SERVICE®

# PRIORITY® MAIL

# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code



USPS COM/PICKUP

# TRACKED ■ INSURED



PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

# VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs